**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:11-cv-393-FDW**
**(3:09-cr-39-9)**

| | |
|---|---|
| **MARCO WIGFALL,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) |
| | )      **ORDER** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |
| _____ | ) |

     **THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or

Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons the follow,

Petitioner's Motion to Vacate his sentence will be granted.


**I.     BACKGROUND**

     On February 19, 2009, Petitioner was charged with nine counts in an indictment returned

by the grand jury sitting for the Western District of North Carolina. (3:09-cr-39; Doc. 3). On

April 22, 2009, the grand jury returned a fifty-one page, superseding bill of indictment charging

Petitioner in counts one, twenty-four and twenty-five. Count One of the superseding indictment

charged Petitioner and others with conspiring to unlawfully possess with intent to distribute 50

grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(b). (Doc. No.

114). In Count Twenty-Four, Petitioner was charged with knowingly using a telephone to

facilitate the commission of a felony drug offense, in violation of 21 U.S.C. § 843(b). (Id. at 28).

Count Twenty-Five charged Petitioner with knowingly possessing with intent to distribute

1

cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Id. at 29).

Petitioner entered into a Plea Agreement with Respondent wherein he agreed to plead guilty to Count One of the superseding indictment in return for the agreement of the United States to dismiss counts Twenty-Four and Twenty-Five. (Doc. 211: Plea Agreement). The Plea Agreement provided that Petitioner would stipulate that the amount of crack cocaine at issue was in excess of 5 grams but less than 30 grams. (Id. at 2 ¶ 8(a)). On September 2, 2009, Petitioner appeared before United States Magistrate Judge David S. Cayer for his Rule 11 hearing, and following the standard colloquy, Petitioner's plea of guilty to count one was accepted. (Doc. 214: Acceptance and Entry of Guilty Plea). The United States Probation Office prepared a presentence investigation report ("PSR") and Petitioner appeared for sentencing before the undersigned on August 25, 2010, and was sentenced to a sixty (60) month term of imprisonment. The Judgment was entered on August 30, 2010. (Doc. No. 449: Judgment in a Criminal Case, at 2). Petitioner did not file an appeal from his conviction or sentence.

On August 12, 2011, Petitioner filed a timely petition under 28 U.S.C. § 2255. (3:11-cv-393, Doc. No. 1). Petitioner contends that The Fair Sentencing Act of 2010, which was signed into law by President Obama on August 3, 2010, should apply to him and result in the Court re-sentencing him to a lesser term of imprisonment. See Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010). Petitioner states that he entered a plea of guilty to possession with intent to distribute five to 20 grams of crack cocaine. (Doc. No. 1-1 at 2). The Court examined Petitioner's motion and ordered the United States to file a response. (Doc. No. 2).

In its Response, the government contends that Petitioner is entitled to have his sentence vacated and to be re-sentenced under the provisions of the FSA. First, the government explains

that the FSA applies to Petitioner because although his crime as set out in Count One of the superseding bill of indictment was committed well before the effective date of the FSA, August 3, 2010, Petitioner was not sentenced until after the effective date of the FSA. The government contends that the FSA increased "the crack threshold for the five-year mandatory minimum from five grams to 28 grams." (Doc. No. 4 at 2). Second, the government states that under the terms of the Plea Agreement, Petitioner stipulated to possessing between five and twenty grams of crack, and therefore the amount Petitioner stipulated to possessing would not trigger the mandatory 5-year term to which he was sentenced. (Id.).

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the government to respond. Id. The Court must then review the government's answer or response and any materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a). Petitioner has requested an evidentiary hearing. (3:11-cv-393, Doc. No. 1-1 at 5). After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Count One of the superseding indictment charged Petitioner with knowingly possessing with intent to distribute crack cocaine in an amount in excess of 50 grams. (3:09-cr-39, Doc. No.

3: Superseding Bill of Indictment, at 3). In the Plea Agreement, Petitioner and the government agreed that the "amount of crack cocaine which was known or reasonably foreseeable by [Petitioner] was in excess of **5 grams but less than 30 grams**." (Doc. No. 211 at 2 ¶ 8(a) (emphasis in original)). In Petitioner's Rule 11 hearing, the Assistant United States Attorney read aloud this term of the Plea Agreement and Petitioner agreed that he would be responsible for an amount of crack cocaine of greater than 5 grams but less than 30 grams. The PSR summarized the Plea Agreement, and concluded that the amount of greater than 5 grams and less than 30 encompassed two Guideline ranges. The PSR recommended that because of "the short duration of involvement in the conspiracy and the documented transactions, the applicable drug amount appears to be in the lower of the two stipulated ranges." (3:09-cr-39, Doc. No. 383: PSR at 12 ¶ 68). In calculating the Petitioner's Base Offense Level, the PSR found the following:

> **Base Offense Level:** The United States Sentencing Commission Guideline for violation of 21 U.S.C. § 841 is found in USSG § 2D1.1 and calls for a base offense level of 24 based on the quantity of drugs for which the defendant is responsible. The defendant is responsible for at least 5 grams but less than 20 grams of crack cocaine.

Id. at 12 ¶ 74.

During the sentencing hearing, Petitioner raised no objections to the PSR. The Court examined the PSR and adopted the information contained therein for purposes of applying the advisory Guidelines. Following the sentencing hearing, the Court entered a written finding memorializing this action. (Doc. No. 450: Statement of Reasons at 1: "The court adopts the presentence investigation report without change."). Following presentation by the government and Petitioner, the Court sentenced Petitioner to 60-months imprisonment.

On June 21, 2012, the United States Supreme Court addressed the issue of retroactive effect of the FSA on cases still on direct appeal at the time of enactment. There was a split in the

Circuits as to whether the FSA would apply to defendants who committed crimes involving crack before the effective date of the FSA but not sentenced until after the effective date. Some The Supreme Court resolved the split in <u>Dorsey v. United States</u>, ____ U.S. ____, 2012 WL 2344463, at *3 (June 21, 2012) ("We hold that the new, more lenient mandatory minimum provisions do apply to those pre-Act offenders.").  Petitioner Dorsey was convicted of selling 5.5 grams of crack in August 2008. Dorsey was sentenced in September 2010. If the FSA were found not to apply to Dorsey, he would have been subject to a mandatory-minimum of five-years because the amount of crack involved was greater than 5 grams and less than 28 grams. <u>Id.</u> at *7 (citing 28 U.S.C. § 841(b)(1)(iii), (B)(iii) (2006 ed.)). Dorsey argued that the FSA should apply to the calculation of his sentence even though he committed his crime before the FSA's effective date. The trial court, and ultimately the Seventh Circuit, disagreed and found that because Dorsey had committed his crime before the effective date of the FSA, he would still be subject to the mandatory minimum term of imprisonment.

The Supreme Court, in a 5-4 decision, held that the FSA applied to defendants who committed crimes before the effective date of the FSA, but were sentenced after the effective date. The Court noted that the FSA increased the amount of crack cocaine which was needed to trigger a mandatory 5-year term of imprisonment from 5 grams to 28 grams. Consequently, Dorsey would not be subject to the mandatory minimum of 5 years because his drug amount involved less than 28 grams. <u>Dorsey</u>, 2012 WL 2344462, at *6.

In the present case, as summarized above, the Court found, and the government and Petitioner stipulated, that Petitioner was responsible for between 5 and 20 grams of crack cocaine. Petitioner was sentenced on August 25, 2010, after the effective date of the FSA.

Therefore, based on  <u>Dorsey</u>, the Court will order that Petitioner's Section 2255 motion

to vacate his sentence be granted, and that the United States Probation Office prepare a presentence investigation report which calculates Petitioner's guideline sentence with reference to the FSA's revised guidelines.

Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his re-sentencing hearing. Petitioner is entitled to appointment of counsel to represent him for the limited purpose of the re-sentencing hearing. The Court will therefore direct the Clerk of Court to send a copy of this Order to the Federal Defender's Office for the Western District. A sentencing hearing will be scheduled promptly upon receipt of the PSR.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Section 2255 Motion to Vacate his Sentence, (Doc. No. 1), is **GRANTED** and Petitioner's prior sentence is **VACATED**.

2.      The United States Probation Office shall prepare a presentence investigation report for delivery to the Court and the Federal Defender's Office for the Western District.

3.      The Petitioner shall remain in the custody of the Federal Bureau of Prisons (and/or the United States Marshals Service) pending his re-sentencing hearing.

4.      The Clerk of Court will writ the Petitioner back to the Western District of North Carolina for re-sentencing.

The Clerk of Court is respectfully directed to forward a copy of this Order to the United States Probation Office and the Federal Defender's Office.

The Clerk of Court is further directed to close this civil case (3:11-cv-393).

Signed: June 29, 2012

Frank D. Whitney
United States District Judge